The opinion of the court was delivered by
Hornblowee, C. • J.
The counsel for the plaintiffs in Certiorari, insist, first, that the agreement between the parties in this case, constituted a partnership • and 2dly, that the agreement being under seal, no action of assumpsit can be maintained for the balance due one partner, even if such balance has been struck.
If this was a partnership at all, it was for a special and limited purpose, and terminated as soon as the peaches had been taken to market and sold, (3 Kent’s Com. 27, 1st ed.) But it is not now material to determine whether the parties to this suit, ever stood in the relation of partners with each other or not, for two reasons: 1st. because no exception was taken on that point, on the trial before the justice, (Smith v. Allen, 18 Johns. R. 245. Jessup v. Cook, 1 Halst. R. 436. Den v. Helmes and al. Penn. R. 1050.) Every objection which goes only to the form of the remedy, and does not question the plaintiff’s right to recover in any shape, must be made on the first trial — an omission to do so, will be considered a waiver of the objection.
But 2dly. Here was, by the defendant’s own admission, not only an end of the partnership, if one ever existed, but a settlement of the accounts. At least there was an account stated, and the mere fact that an error had been made in footing the account, by a mis-addition or subtraction of figures, did not unsettle it, and open the whole matter. Nor does the plaintiff’s second objection rest on any better foundation. The case of Foster v. Allanson, 2 T. R. 479, cited by the plaintiffs’ counsel, does not support .his position that assumpsit will not lie, because the balance, if any, arose upon a transaction, respecting which, the par *41 ties had entered into a covenant by deed. The contrary is plainly ruled by a majority of the court, in that case, and in Moravia v. Levy, mentioned in a note to that case, (Page 483,) which was assumpsit for a balance struck on a partnership account, the objection was distinctly made and overruled. Buller, Justice, said: “ It does not signify how the debt arose. Here is an express promise to pay the balance which has been struck: and that is the ground of the action.” But it is not even necessary that there should bean express promise — on the contrary, upon a mutual statement and settlement of accounts between partners, there is an implied promise in law, on the part of him, against whom the balance is found, to pay his co-partner. Backstraw v. Imber, 1 Holt’s R. 368.
If the various items composing an account, are agreed upon and set down by the parties, it is an account stated; on which side the balance lies, is matter of addition and subtraction; and whether a mistake has been made in footing the account, and striking the balance, or not, is immaterial, so far as respects the legal effect of an account stated. The real balance is always ascertainable by a correct addition and subtraction, and it is that by which the parties are bound, and upon which, the law raises a promise to pay. Let the judgment be affirmed.
Ford and Ryerson, Justices, concurred.

Judgment affirmed.

Cited in Steward v. Sears, 7 Vr. 176.